UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| THE UNITED METHODIST CHURCH OF WATERLOO, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO. 1:11-CV-427 |
| ZURICH AMERICAN INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This case was removed to this Court from the DeKalb Superior Court by Defendant based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 2.) The Notice of Removal alleges that Plaintiff, The United Methodist Church of Waterloo, "is now and was at the commencement of this action a corporation organized and existing under the laws of the State of Indiana." (Notice of Removal ¶ 4.)

Defendant's Notice of Removal, however, is inadequate as to Plaintiff's citizenship because corporations "are deemed to be citizens of the state in which they are incorporated *and* of the state in which they have their principal place of business." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (emphasis added); *see* 28 U.S.C. § 1332(c)(1). Thus, the Court must be apprised of both facts with respect to Plaintiff, The United Methodist Church of Waterloo. While the Notice of Removal alleges Plaintiff is a corporation organized and existing under the laws of Indiana, it makes no mention of Plaintiff's principal place of business as

1

required.[1]

Therefore, Defendant is ORDERED to supplement the record by filing an Amended Notice of Removal on or before January 6, 2012, properly alleging the Plaintiff's citizenship, including its principal place of business.

SO ORDERED.

Enter for this 28th day of December, 2011.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[1] Although Defendant cites to the first paragraph of the Complaint, which is attached to the Notice of Removal, the Complaint merely alleges that "Plaintiff is an Indiana corporation conducting business at 300 W. Maple, P.O. Box 10, Waterloo, Dekalb County, Indiana." (Notice of Removal Ex. A, ¶ 1.) The Court must still be advised of Plaintiff's *principal place of business*.